Maurice Perkins, Pro Se'
4836 S. Michigan Ave.
Chicago, Illinois 60653

**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FEB 1 3 2007
02-13-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MAURICE PERKINS, and all other voters )
it will effect. )

        PLAINTIFF,
vs.

LANGDON NEAL,
in his individual & official capacity as )
the City of Chicago Chairman of the Board )
of Election Commissioners, )
                              )
        DEFENDANT )

07CV841
JUDGE ANDERSEN
MAG. JUDGE SCHENKIER

## COMPLAINT

1. Plaintiff MAURICE PERKINS, for his Complaint against the named defendant ("Defendant'") state as follows:

### NATURE OF ACTION

2. Maurice Perkins(Plaintiff) a Natural Born Citizen of The United States of America, and an Activist in the area of voters rights has a due process right to be free from a Chairman of the Board of Commissioners of Elections burdening his First and Fourteenth Amendments right as a voter. The conduct of the defendant has deprived and threatens to deprive the plaintiff of his constitutionally protected liberty and property interests without due process of law in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution." The Defendant' has a conflict of interest regarding his duties as a Commissioner. In as Langdon Neal the Owner of Neal & Leroy Law Firm has done more work for the City of Chicago than any other firm receiving over $4.4 million in business from the City of Chicago. Defendant's company Neal & Leroy continues to receive a substantial amount of funds from The Mayors Office

Corporation Council, City Law Department, The Administrative Finance Committee, and the City of Chicago. Defendant's company inherits the benefits from doing land acquisition and eminent domain annually totaling presently $10 million. Plaintiff states that these funds being paid and these incentives being given to an Election Board of Commissioner of Chicago directly/or indirectly by a municipality, in the same municipality in which he resides over as the election board chairman could sway a normal persons judgment and fairness in the election process. These kind of conflicts imperils plaintiffs constitutional right to be free of unfair government intrusion without a compelling government interest in a democratic government. Plaintiff believes that there is no adequate remedy at law. Plaintiff seeks declaratory and injunctive relief from Langdon Neal from impairing federal constituents voters right by residing over /or as a Chicago Board of Elections Official while having a conflicting financial interest that reasonably impair his objectivity and independence of judgment in the election process. Plaintiff is enjoining all others who may have business dealings with the City of Chicago from acting and serving in the capacity of Chicago Board of Election Commissioner which threatens and deprives the plaintiff of his constitutionally protected liberty and property interests without due process of law in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the inalienable right to enjoy the freedom of choice in the pursuit of life, liberty &happiness as every other citizen in this Country.

## JURISDICTION AND VENUE

3. This is an action brought to enforce Plaintiffs rights against the Defendants' under a number of provisions of the United States and Illinois Constitutions. This Court has subject matter jurisdiction over this Complaint under 42 U.S.C. § 1301 because the action arises under the laws of the United States. This Court has pendant and supplemental jurisdiction over all state law claims under 28 U.S.C. 1331.

4. Venue lies in this District under 42 U.S.C. § 14071. Plaintiff and Defendants are located in this District. The events giving rise to this action occurred in this District.

## PARTIES:

### PLAINTIFF

5. MAURICE PERKINS (Plaintiff) a NATURAL BORN CITIZEN OF THE UNITED STATES OF AMERICA, Voter, and Voters Right Activist in the City of Chicago whose due process rights are being violated in violation of the first and Fourteenth Amendment to the United States Constitution.

### DEFENDANTS

6. LANGDON NEAL, in his official and individual capacity as CHAIRMAN OF THE CHICAGO BOARD OF ELECTIONS COMMISSIONERS pursuant to the provisions of 10 ILCS 5/6-21 appointed by a majority of Circuit Court Judges of the Circuit Court of Cook County in the state of Illinois on the 12th date of January 2006.

### STATEMENT OF FACTS

7. Maurice Perkins (Plaintiff hereinafter) exercises his full and complete right to vote freely without government swaying or persuasion by others who does not exercise or share the same political beliefs and culture as he.
8. Plaintiff believes that living in a democratic society that all people shall equally share the same rights as all else in this great country without government imperil without a government compelling interest on behalf of the public interest.
9. Plaintiff believes that ballot integrity and financial conflict of interest is of serious and severe imperil of his constitutional and voters right.

10. Pursuant to the provisions of 10 ILCS 5/6-12, adopted by a majority of the Circuit Judges of the Circuit Court of Cook County appointed Langdon D. Neal to the Office of Election Commissioner of the Board of Election Commissioners of The City of Chicago, Cook County, Illinois to serve until November 30, 2008.

11. Neal and Leroy Law firm receives no bid contracts from the municipality of the City of Chicago, the Mayor's Corporation Council, and the City Law Department totaling somewhere between $4 to $10 million in legal fees for land acquisition, eminent domain and the O'Hare Expansion Project.

12. Langdon D. Neal is Both Owner of Neal and Leroy Law Firm and serve also as the Chairman of the Election Board of Commissioners of the City of Chicago, Cook County, Illinois.

13. Plaintiff believes that do to such large amounts of financial incentives being given to Langdon D. Neal's law firm could reasonably impair his or anyone else who serves in that capacity's, objectivity and independence in judgment in serving the public's interest in the capacity of Election Board Commissioner of the City of Chicago.

14. Due to the nature of the multiple serious election problems of large magnitudes in the last two elections in the City of Chicago.

15. This places a burden on Plaintiff and all other voters in the City of Chicago in violation of their constitutional and voters right to a democratic process.

16. As recently as October 23rd 2006 the Illinois Ballot Integrity Project reported that Peter Zelchenko a 43rd Ward Aldermanic candidate with over 30 years of Computer Expert Skills recognized a glitch in the Chicago Voters Registration which compromised 1.5 million voters in Chicago Social Security Number and other confidential information.

17. The Illinois Ballot Integrity Projected contacted Defendant the Chairman of the Election Board of Commissioners of the City of Chicago, Cook County, Illinois to no avail for a prolonged time.

18. They also found in past elections that the absentee ballots were compromised.
19. The system in which the City of Chicago paid $26 million for from Sequoia caused major delays in the past elections.
20. The Illinois Ballot Integrity Project recognized that a flag in the system could show online voters after registering before the deadline date as unregistered after the registration deadline has past which burdens voters freedom.
21. In past elections the Defendant has allowed Ballots to be disposed of without getting a disposal certificate in pursuant to the Illinois Local Records Act (50 ILCS 205).
22. Plaintiff believes because of the conflict of interest of defendant with the City of Chicago, the Mayor's Corporation Council, and the City of Chicago Law Department in Business dealings has impaired his ability to serve in such a capacity as Board of Election Commissioner of the City of Chicago.
23. Plaintiff states that no officer or employee of the Board of Elections of the City of Chicago shall act in his individual or official capacity in any matter wherein he has a direct or indirect personal financial interest that might reasonably be expected to impair his objectivity or independence of judgment in favor against the public interest.
24. Also plaintiff states that Defendant has a direct financial conflict of engaging in business transactions and professional activity, which is in substantial conflict with the proper discharge of his duties in the public interest.
25. Just recently there have been issues about Candidacy Signatures in the City of Chicago for Candidacy of Mayor of the City of Chicago.
26. On Tuesday January 2nd 2007 Mayor Daley's attorney the Former Election Board Chairman Michael Lavelle argued on The Mayor's behalf to the city's electoral board to dismiss what he called "meritless objections in bad faith."

27. The petition states "These allegations cannot be true...the only source from which the validity of these signatures can be measured is the voters registration record of the signer on file with the board of election commissioners."

28. Because, Defendant has a compelling financial interest with the City of Chicago, the Mayor's Corporate Council, and Law Department it would serve to the impairing of the Plaintiff and other voters to allow him to continue in such capacity in furthering the breaching of their Constitutional right to due process of the First and Fourteenth Amendment and under the Voters Right Act.

29. Plaintiff has all reasons to contest Defendants conflict of interest in imperiling his rights.

## MEMORANDUM OF LAW

30. A. BALLOT ACCESS:

The right to cast an effective vote "is of the most fundamental significance under our constitutional structure." Burdick v. Takushi, 504 U.S. 428, 433, 112 S. Ct. 2059, 119 L. Ed. 2d 245 (1992). Accordingly, "the impact of candidate eligibility requirements on voters implicates basic constitutional rights." Anderson v. Celebrezze, 460 U.S. 780, 786, 103 S.Ct. 1564 (1983). Ballot access laws thus "place burdens on . . . the right of individuals to associate for the advancement of political beliefs, and the right of qualified voters, regardless of their political persuasion, to cast their votes effectively. Both of these rights, of course, rank among our most precious freedoms." Williams v. Rhodes, 393 U.S. 23, 30, 89 S. Ct. 5, 21 L. Ed. 2d 24 (1968). The First Amendment, as incorporated against the states by the Fourteenth Amendment, "protects the right of citizens 'to band together in promoting among the electorate candidates who espouse their political views." Clingman v. Beaver, 544 U.S. 586, 125 S.Ct. 2029 (2005)(quoting Cal. Democratic Party v. Jones, 530 U.S. 567, 574, 120 S.Ct. 2402 (2000).

"The right to vote freely for the candidate of one's choice is of the essence of a democratic society, and any restrictions on that right strike at the heart of representative government." Reynolds v. Sims, 377 U.S. 533, 555 (1964).

31. B. 1st & 14th AMENDEMNT -- FREEDOMS

Mr. Justice Jackson for the Court in West Virginia Board of Education v. Barnette, 319 U.S. 624, 638 (1943): "The very purpose of a Bill of Rights was to withdraw certain subjects from the vicissitudes of political controversy, to place them as legal principles to be applied by the courts. One's right to....freedom of liberty....and other fundamental rights may not be submitted to vote; they depend on the outcome of no elections."

Justice Miller delivering the opinion of the Court stated: "It cannot be permitted that, when the constitution of a state, the fundamental law of the land, has imposed upon its legislature the duty of guarding, by suitable laws, the health of its citizens, especially in crowded cities, and the protection of their person and property by suppressing and preventing crime, that the power which enables it to perform this duty can be sold, bargained away, under any circumstances, as if it were a mere privilege which the legislator could dispose of at his pleasure. This principle has been asserted and repeated in this court in the last few years in no ambiguous terms." Butchers' Union Co. v. Crescent City Co., 111 U.S.746 (1884). Chief Justice Warren delivering the opinion of the Court in Reynolds, 377 U.S. at 533 stated in an apportionment case stated: "We are cautioned about the danger of entering into political thickets and mathematical quagmires. Our answer is this: a denial of constitutionality protected rights demand judicial protection; our oath and our office require no less of us. To the extent that a citizen's right to vote for state legislators is unconstitutionally impaired when its weight is in a substantial fashion diluted when compared with votes of citizens living in other parts of the state...it could hardly be contended that the right to vote of those residing in the disfavored areas had not been diluted." "Clever men may easily conceal their motivation." U.S. v. City of Black Jack, 508 F. 2d 1179 (8th Cir. 1974). Even though, these acts "were not apparent when they were committed but became so when viewed in light of the later acts." Maskowitz v. Trs. Of Perdue Univ., 5 F. 3d. 279, 282 (7th Cir..

1993). "A pattern-or-practice claim 'necessarily involves a number of discriminatory acts, not a particular one from which the time for bringing suit may be measured." <u>United States v. City of Parma, Ohio</u>, 661 F. 2d. 562, 573 (6th Cir. 1981).

### Pattern and Practice

32. All of the Defendant's actions described above constitutes a pattern, practice, and unspoken policy of impairing Plaintiff's Federal Constitutional Rights under the 1st and 14th Amendment. Also in violation of the Voters Right Act. Being a Board member while receiving financial incentives in the allotment of no-bid contracts by the City of Chicago, the Mayor's Corporate Council, and the City of Chicago Law Department annually does not serve the public interest and is in substantial conflict with the proper discharge of duties in the public interest in the election process. It secures unwarranted privileges or advantages for others.

### Irreparable Injury

33. The defendant's Conflict of Interest Compromises, and threatens the plaintiff and other voters with continuing irreparable injury for which there is no adequate remedy at law, including the following: Voting fraud, theft of votes, an undue process in the election process, a scheme or artifice to deprive the public of the intangible right of honest services. The conduct of the defendant has put in peril the public interest of a right to a fair democratic system. Plaintiff and other public voters are severely impaired by such ethics violations in a honest system. The conduct of the defendant has deprived and threatens to deprive the plaintiff of his constitutionally protected liberty and protected interest without due process of law in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution." Also, Plaintiff's complaint states that the burden of continual flaws and irregularities in the process has jeopardized the Voters Right Act.

## LEGAL VIOLATIONS:

### COUNT I
### Violation of the United States Constitution
### Free Liberty & Free Choice: First and Fourteenth Amendments
### ( U.S. Constitution § 1st & 14th Amendment)

34. Paragraphs 1 though 33 are incorporated by reference as if set forth fully herein.

35. Defendants, under color of law, in official and individual capacity, deprived Plaintiff of his right to free liberty, free choice, free association, free expression, free protest as secured by the 1st Amendment to the United States Constitution and made applicable to the States by the 14th Amendment, by impairing his freedom of choice in the voting process without procedural due process.

36. Plaintiff is entitled to damages and relief against this denial of his U.S. Constitutional rights under § 14th Amend.

### COUNT II

### Violation of the United States Constitution
### Free Liberty: First and Fourteenth Amendments
### ( U.S. Constitution § 1st & 14th Amendment)

37. Paragraphs 1 through 36 are incorporated by reference as if set forth fully herein.

38. Defendants, under color of law, in their official capacity, have deprived and threatens to deprive Plaintiff of his right to free liberty, Equal protection as secured by 14th Amendment of the U.S. Constitution, by burdening him with a conflict of interest. Defendant has a financial interest of significant magnitude which can reasonably be expected to impair defendant's objectivity and independence of judgment which is a tangible burden to plaintiff in the voting process.

39. Plaintiff is entitled to damages and relief against this denial of his U.S. Constitutional rights under § 14th Amend.

## COUNT III

### Violation of the United States Voters Right Act
### VOTERS RIGHT ACT
### ( U.S. Voters Right Act)

40. Paragraphs 1 through 39 are incorporated by reference as if set forth fully herein.

41. Defendants, under color of law, in their official capacity, has deprived and have continued to deprive Plaintiff of his right to freely vote in accordance to the Voters Right Act of the United States of America as secured by the First Amendment to the United States Constitution and made applicable to the States by the Fourteenth Amendment, by the continuum legal obligation to the City Council, the Mayor's Corporation Council, and the City of Chicago Law Department directly in conflict with plaintiff's Constitutional Guarantees in the voting process.

42. Plaintiff is entitled to relief against this denial of his U.S. Constitutional rights under the Voters Right Act.

## COUNT IV

### Violation of the United States Code
### Scheme or Artifice To Defraud Plaintiff
### of the Intangible Right of Honest Services
### ( U.S. Code Title 18 § 1346)

43. Paragraphs 1 through 42 are incorporated by reference as if set forth fully herein.

44. Defendants', under color of law, in his individual and official capacity, have deprived and continue to deprive Plaintiff of the Intangible Right of honest services in violation of U.S. Code Title 18 § 1346 as protected and secured by federal law.

45. Plaintiff is entitled to relief against this denial of a honest intangible right to services under U.S. Code Title 18 § 1346.

### Prayer for Relief

**Wherefore**, the Plaintiff pray

**WHEREFORE** Plaintiff Maurice Perkins pray this Court for the following relief from the Defendant in his individual and official capacity.

A. Declaratory & Injunctive relief stating that Defendant's serving in the position in which he services the public on the Board of Elections Commissioner for the City of Chicago, Cook County, Illinois while having a direct/or indirect financial interest with a campaigning entity in a municipality violates Plaintiffs Constitutional rights under the First and Fourteenth Amendment of the United States Constitution and also on Violation of the Voters Right Act. Therefore such actions are unconstitutional under the Fourteenth Amendment to the United States Constitution. Defendants' and all other distant parties are enjoined from further enforcement of such relationships while serving in the capacity of Board of Elections Commissioner for the City of Chicago, Cook County, Illinois. Therefore, is further restricted from continuing to operate in such a compromising position which impairs federal constituents voting power while engaging in financial deals with municipal incumbent city officials. Plaintiff has a substantial due process right to have fairness in a democratic election society under the U.S. Constitution under the 1st and 14th Amendment.

B. Such other relief that is necessary and appropriate to protect Plaintiff rights.

### DEMAND FOR JURY

Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action for all triable issues.

*Maurice Perkins*
Maurice Perkins, Pro Se'
4836 S. Michigan Ave.
Chicago, Illinois 60653