UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAURICE PERKINS, and all other voters it will effect, ) ) | |
| ) | Case No. 1:07-cv-841 |
| Plaintiff, ) | |
| ) | Honorable Wayne R. Andersen |
| v. ) | |
| ) | Magistrate Judge Valdez |
| LANGDON NEAL, in his individual & official capacity as the City of Chicago Chairman of the Board of Election Commissioners, ) ) ) ) | |
| Defendant. | |

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Langdon Neal, the Chairman of the City of Chicago Board of Election Commissioners ("CCBEC"), by his attorneys, respectfully moves this Court under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) for the entry of an order dismissing with prejudice all claims in the complaint. The complaint is baseless and should be dismissed in its entirety. In support of this motion, Mr. Neal states:

1. Plaintiff Maurice Perkins filed a four count complaint against Mr. Neal in his individual and official capacity as Chairman of the CCBEC. Plaintiff's complaint challenges Mr. Neal's service as an election commissioner while owning the law firm Neal & Leroy LLC. Essentially, Plaintiff asserts that Mr. Neal has a conflict of interest in serving on the CCBEC at the same time that his law firm does legal work (unrelated to election law issues) for the City of Chicago.

2. The complaint asserts a purported violation of (1) due process (Count I); (2) equal protection (Count II); (3) the Voting Rights Act (Count III); and (4) mail fraud (Count IV). Each

of these counts is defective as a matter of law and should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) because Plaintiff lacks standing under the case and controversy provision of Article III. Even if (contrary to fact and for purposes of argument only) Plaintiff has standing, his claims should be dismissed for failure to state a claim pursuant to Rule 12(b)(6), because Plaintiff's allegations cannot show that there is an impermissible conflict of interest or that Mr. Neal purposefully discriminated against Plaintiff and/or denied Plaintiff his right to vote.

3. Plaintiff lacks constitutional standing for three reasons.

a. <u>First</u>, Plaintiff does not - and cannot - allege that he suffered a concrete and particularized and actual or imminent injury, which is necessary for constitutional standing. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 2136 (1992); <u>Whitmore v. Ark.</u>, 495 U.S. 149, 155-56, 110 S. Ct. 1717, 1723 (1990); <u>O'Sullivan v. City of Chicago</u>, 396 F.3d 843, 852 (7th Cir. 2005); <u>Plotkin v. Ryan</u>, 239 F.3d 882, 884 (7th Cir. 2001); <u>Knox v. McGinnis</u>, 998 F.2d 1405, 1413 (7th Cir. 1993).

b. <u>Second</u>, even assuming (contrary to fact and for purposes of argument only) Plaintiff suffered a personalized injury, his alleged injury cannot be fairly traced to the alleged conduct of Mr. Neal. <u>O'Sullivan</u>, 396 F.3d at 856; <u>Plotkin</u>, 239 F.3d at 884.

c. <u>Third</u>, Plaintiff's request for injunctive and declaratory relief to bar Mr. Neal from serving as an election commissioner is not likely to redress the generalized grievances Plaintiff alleges. <u>Plotkin</u>, 239 F.3d at 885.

4. Alternatively, even if Plaintiff has constitutional standing (which he does not), each count must be dismissed for failure to state a claim pursuant to Rule 12(b)(6) for three reasons.

a. <u>First</u>, Mr. Neal's service as Chairman of the CCBEC and his ownership of a law firm that performs legal work for the City of Chicago does not create any legal problems. <u>Hortonville Joint Sch. Dist. v. Hortonville Educ. Ass'n.</u>, 426 U.S. 482, 496-97, 96 S. Ct. 2308, 2316 (1976); <u>Amundsen v. Chicago Park Dist.</u>, 218 F.3d 712, 716 (7th Cir. 2000); <u>Van Harken v. Chicago</u>, 103 F.3d 1346, 1353 (7th Cir. 1997); <u>Osterberg v. Bd. of Trs. of the State Employees' Retirement Sys.</u>, 722 F. Supp. 415, 418 (N.D. Ill. 1989); <u>Jones v. Bd. of Educ. of Twp. High Sch. Dist.</u>, 651 F. Supp. 760, 767-68 (N.D. Ill. 1986).

b. <u>Second</u>, Plaintiff cannot demonstrate that he was deprived of any constitutional rights. <u>Miller v. Kusper</u>, 445 F.2d 1059, 1061 (7th Cir. 1971).

c. <u>Third</u>, Plaintiff cannot show that Mr. Neal intentionally or purposefully discriminated against Plaintiff or in any way misused his position as an election commissioner for personal gain. <u>Snowden v. Hughes</u>, 321 U.S. 1, 7-11, 64 S. Ct. 397, 400-403 (1943); <u>U.S. v. Bloom</u>, 149 F.3d 649, 654-58 (7th Cir. 1998); <u>Hennings v. Grafton</u>, 523 F.2d 861, 864 (7th Cir. 1975); <u>Miller</u>, 445 F.2d at 1061.

5. In further support of this motion, Mr. Neal submits the accompanying memorandum of law.

6. Melissa Wills, one of the attorneys for Mr. Neal, has contacted Plaintiff Maurice Perkins to attempt to reach an agreed briefing schedule pursuant to the Case Management Procedures of this Court, but was unable to reach an agreement. Accordingly, Mr. Neal asks that Your Honor give Maurice Perkins twenty-eight (28) days to respond to the Motion to Dismiss Plaintiff's Complaint and give Mr. Neal twenty-one (21) days to reply.

WHEREFORE, Langdon Neal respectfully requests that Plaintiff's complaint be dismissed with prejudice.

|  |  |
|---|---|
|  | Respectfully submitted: |
|  | LANGDON NEAL |
| Dated: April 6, 2007 | By: s/Jeffrey Colman |
|  | One of his Attorneys |

Jeffrey D. Colman
Melissa S. Wills
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, Illinois 60611
Telephone: (312) 222-9350
Facsimile: (312) 527-0484