UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAURICE PERKINS, and all other voters it will effect, | ) )  |
| | ) Case No. 1:07-cv-841 |
| Plaintiff, | ) ) |
| | ) Honorable Wayne R. Andersen |
| v. | ) |
| | ) Magistrate Judge Valdez |
| LANGDON NEAL, in his individual & official capacity as the City of Chicago Chairman of the Board of Election Commissioners, | ) ) ) ) |
| Defendant. | |

**DEFENDANT LANGDON NEAL'S RESPONSE AND
OBJECTION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Defendant Langdon Neal, the Chairman of the City of Chicago Board of Election Commissioners ("CCBEC"), by his attorneys, respectfully submits this Response and Objection to Plaintiff's Emergency Motion for Preliminary Injunction and Opposing Extension of Time. This Court should deny Plaintiff's request for a preliminary injunction to enjoin Mr. Neal from serving as Chairman of the CCBEC, because Plaintiff has not established any of the legal standards necessary to obtain injunctive relief.

Plaintiff bears the burden of establishing (1) that he has a reasonable likelihood of success on the merits of his claims; (2) that no adequate remedy at law exists; (3) that he will suffer irreparable harm if preliminary injunctive relief is denied; (4) that the threatened injury he will suffer if injunctive relief is not granted outweighs the irreparable harm that Mr. Neal will suffer if the preliminary injunction is granted; and (5) that the injunction will not harm the public interest. Platinum Home Mortgage Corp. v. Platinum Fin. Group, Inc., 149 F.3d 772, 726 (7th Cir. 1998); Alexander v. Chicago Park Dist., 709 F.2d 463, 467 (7th Cir. 1983). To satisfy the

threshold requirement for the issuance of a preliminary injunction, Plaintiff must show that he is likely to succeed on the merits of his underlying claims. Platinum Home, 149 F.3d at 726; Alexander, 709 F.2d at 467. If the moving party fails to demonstrate a reasonable likelihood of prevailing on its underlying claims, then the court need not consider the remaining factors for a preliminary injunction. Platinum Home, 149 F.3d at 730 (finding that the district court properly denied plaintiff's motion for a preliminary injunction where plaintiff did not have more than a negligible chance to prevail on the merits of its claim); Alexander, 709 F.2d at 467-68 (affirming the district court's denial of plaintiffs' motion for preliminary equitable relief where plaintiffs were "incapable of supporting a finding of discrimination at trial.").

Here, Plaintiff cannot meet his burden of proving each of the elements necessary for a preliminary injunction. Most important, Plaintiff fails to establish the threshold requirement -- that he has a reasonable likelihood of success on the merits of his underlying claims. As demonstrated in detail in Mr. Neal's Motion to Dismiss Plaintiff's Complaint and Memorandum of Law in Support of Motion to Dismiss Plaintiff's Complaint, Plaintiff has no likelihood, let alone a reasonable likelihood of succeeding on the merits of his claims. Accordingly, this Court should find that Plaintiff has not demonstrated the prerequisites for preliminary injunctive relief and so deny Plaintiff's motion for a preliminary injunction to enjoin Mr. Neal from serving as Chairman of the CCBEC.

WHEREFORE, Langdon Neal respectfully requests that the Court deny Plaintiff's Emergency Motion for Preliminary Injunction and Opposing Extension of Time.

|  |  |
|---|---|
|  | Respectfully submitted: |
|  | LANGDON NEAL |
| Dated: April 6, 2007 | By: s/Jeffrey Colman |
|  | One of his Attorneys |

Jeffrey D. Colman
Melissa S. Wills
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, Illinois 60611
Telephone: (312) 222-9350
Facsimile: (312) 527-0484