UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE PERKINS, and all other voters it will effect, | ) ) ) | |
| | ) | Case No. 1:07-cv-841 |
| Plaintiff, | ) ) | |
| | ) | Honorable Wayne R. Andersen |
| v. | ) ) | |
| | ) | Magistrate Judge Valdez |
| LANGDON NEAL, in his individual & official capacity as the City of Chicago Chairman of the Board of Election Commissioners, | ) ) ) ) ) | |
| Defendant. | ) | |

**MR. NEAL'S RESPONSE TO DEFENDANT'S MOTION UNDER RULE 56(F) AND OPPOSITION TO PRELIMINARY INJUNCTION MOTION**

Defendant Langdon Neal, by his counsel, respectively files this response to a document recently filed by the Plaintiff and apparently entitled "Motion to Oppose Defendant Motion to Dismiss Complaint" (hereafter referred to as "Plaintiff's New Motion"). In part A, we explain the reason why we are filing this Response. In part B, we set forth our response to Plaintiff's New Motion.

A. **Procedural Posture**

1. On Thursday morning, April 12 at 10:00 a.m., counsel for Mr. Neal received a telephone call from the Court. Your Honor was in open court with Mr. Perkins and his legal advisor. The Court advised that Mr. Perkins was prepared to rely on his "complaint" as his response to Mr. Neal's pending Motion to Dismiss. Counsel was asked if Mr. Neal desired to file any additional document and the undersigned counsel said that no additional filing was necessary.

2. After the brief telephonic court appearance, Mr. Neal's counsel received Plaintiff's New Motion through the electronic filing system of the Clerk of this Court. The New Motion apparently was filed on April 10, but it was not electronically posted by the Clerk until 10:22 a.m. on April 11. Mr. Perkins did not serve a copy of his New Motion on counsel, and there is no certificate of service attached to the motion posted by the Clerk. Thus, at the time of the telephone conference call earlier today, Mr. Neal's counsel was not aware of Plaintiff's New Motion.

B. <u>**Response to Plaintiff's New Motion**</u>

1. Nothing in Plaintiff's New Motion demonstrates that Mr. Perkins has standing to bring any claim identified in his complaint. In the New Motion, plaintiff makes certain new and unfounded allegations that Mr. Neal somehow had something to do with property tax increases in Mr. Perkins' community. (Plaintiff's New Motion at 3.) Whether or not Mr. Perkins has been subjected to increases in his property taxes we do not know, but there is no appropriate allegation that Mr. Neal had anything to do with such alleged increases.

2. Mr. Perkins goes on to allege that somehow Mayor Daley has been able to "predatorily rape and molest the African-American community of its resources" and Mr. Perkins claims that Mr. Neal must be removed from office because the Mayor is responsible for Mr. Neal's appointment. (Plaintiff's New Motion at 4.) This is wrong. Mr. Neal was appointed by a vote of the judges of the Circuit Court of Cook County. (10 ILCS 5/6-21). And, even if it were true that Mr. Neal was appointed by the Mayor, this allegation does not in any way create a "case or controversy" ripe for review under Article III.

3. Mr. Perkins then inserts into his New Motion several pages of a purported meeting of the Cook County Board of Commissioners, Committee on Finance, held on April 27,

2006. (Plaintiff's New Motion at 4-12.) Even assuming -- purely for the sake of argument -- that what is set forth in the New Motion is accurate, there is nothing in this one-year old Committee Report that demonstrates that Mr. Perkins has standing to litigate any claims in this Court, that he has been harmed by any actions of Mr. Neal, that he has any likelihood of the success on the merits of his claims, or that any emergency now exits.

4. Mr. Perkins also asserts in his New Motion (at 12) that somehow Mr. Neal and his counsel are in a "rush to dismiss this case before the election presently at face." This allegation also is not true. The complaint in this case was filed on February 13, 2007. With leave of court, Mr. Neal's motion to dismiss was filed on April 6, 2007. The Court entered a briefing schedule allowing Mr. Perkins until May 11, 2007 to respond and Mr. Neal until May 25, 2007 to reply. Mr. Neal has done nothing to "rush" this case to a decision before the election next week. Indeed, quite to the contrary, on March 14, 2007 Mr. Perkins filed his motion for preliminary injunction. He then failed to appear in Court on March 15, 2007 when counsel for Mr. Neal were present and advised the Court of the filing of the motion for preliminary injunction. Mr. Perkins has done nothing in the past four weeks to pursue his motion for preliminary injunction. See Banks v. Board of Ed. of the City of Peoria, 659 F. Supp. 394, 401 (C.D. Ill. 1987) (granting defendants' motion to dismiss plaintiffs' request for a preliminary injunction because such an injunction is not appropriate on the grounds of untimeliness of the request). There is, quite simply, no chance of success on the merits in this case and no demonstration of any harm -- let alone irreparable harm -- to Mr. Perkins that would warrant entry of any injunctive relief.

5. Mr. Perkins purports to seek discovery under Federal Rule of Civil Procedure 56(f), but no summary judgment motion is pending nor has the requisite Rule 56(f) affidavit been filed.

6. Finally, Mr. Perkins asserts (New Motion at 12) that he is funding certain candidates who are running for office. But, no allegation is made that Mr. Neal has taken any actions against any candidate. These claims -- like the others -- are simply too attenuated to create a case or controversy. Mr. Neal's motion to dismiss is well-founded, raises questions of pure law, and should be granted at this time.

                                              Respectfully submitted:

                                              LANGDON NEAL

Dated: April 12, 2007                   By: <u>s/Jeffrey Colman</u>
                                                                   One of his Attorneys

Jeffrey D. Colman
Melissa S. Wills
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, Illinois 60611
Telephone: (312) 222-9350
Facsimile: (312) 527-0484