# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WAYNE R. ANDERSEN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 841 | **DATE** | APRIL 13, 2007 |
| **CASE TITLE** | | MAURICE PERKINS v. LANGDON NEAL | |

## DOCKET ENTRY TEXT

Plaintiff Maurice Perkins' emergency motion for preliminary injunction [13] is denied. This matter is set for status on May 3, 2007 at 9:00 a.m.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This matter is before the court on plaintiff Maurice Perkins' emergency motion for preliminary injunction [13]. Defendant Langdon Neal filed a response to the emergency motion for preliminary injunction and also filed a motion to dismiss the complaint in its entirety and supporting memorandum of law, asserting, among other arguments, that plaintiff does not have standing under the case and controversy provision of Article III to bring this suit. For purposes of this emergency motion, the court assumes plaintiff has standing and will address defendant's motion dismiss at a later date once the matter is fully briefed.

Plaintiff seeks to enjoin defendant Langdon Neal from serving as Chairman of the City of Chicago Board of Elections Commissioner ("CCBEC") for the upcoming elections. The gist of plaintiff's claims is that Mr. Neal allegedly has deprived and threatens to deprive plaintiff of his constitutionally protected right to vote under the First and Fourteenth Amendments and the Voting Rights Act. Essentially, plaintiff claims that his rights and all voters' rights are burdened by Mr. Neal's service as an election commissioner and his position as the owner of a law firm that has received substantial legal fees from the City of Chicago.

Plaintiff bears the burden of establishing that (1) he has a reasonable likelihood of success on the merits of his claims; (2) no adequate remedy at law exists; (3) he will suffer irreparable harm if preliminary injunctive relief is denied; (4) the threatened injury he will suffer if injunctive relief is not granted outweighs the irreparable harm that Mr. Neal will suffer if the preliminary injunction is granted; and (5) the injunction will not harm the public interest. *Platinum Home Mortgage Corp. v. Platinum Fin. Group, Inc.*, 149 F.3d 772, 726 (7th Cir. 1998); *Alexander v. Chicago Park Dist.*, 709 F.2d 463, 467 (7th Cir. 1983). To satisfy the threshold requirement for the issuance of a preliminary injunction, a plaintiff must show that he is likely to succeed on the merits of his underlying claims. *Platinum Home*, 149 F.3d at 726; *Alexander*, 709 F.2d at 467. If the moving party fails to demonstrate a reasonable likelihood of prevailing on its underlying claims, then the court need not consider the remaining factors for a preliminary injunction. *Platinum Home*, 149 F.3d at 730 (finding that a district court

properly denied a motion for a preliminary injunction in which plaintiff did not have more than a negligible chance to prevail on the merits of its claim); *Alexander*, 709 F.2d at 467-68 (affirming a district court's denial of a motion for preliminary equitable relief in which plaintiffs were "incapable of supporting a finding of discrimination at trial").

Here, plaintiff fails to establish the threshold requirement -- that he has a reasonable likelihood of success on the merits of his underlying claims. Each of plaintiff's claims is premised on the supposed conflict between Mr. Neal serving as Chairman of the CCBEC and, at the same time, owning a law firm that provides legal services to the City of Chicago. Plaintiff argues that Mr. Neal's service as Chairman of the CCBEC and owner of a law firm performing legal services for the City of Chicago creates an impermissible conflict of interest. However, bald accusations and conclusory statements of an alleged conflict of interest do not reveal actual bias or prejudice. *Amundsen v. Chicago Park Dist.*, 218 F.3d 712, 716 (7th Cir. 2000); *Osterberg Bd. of Trs. of the State Employees' Retirement Sys.*, 722 F. Supp. 415, 418 (N.D. Ill. 1989); *Jones v. Bd. of Educ. of Twp. High Sch. Dist.*, 651 F. Supp. 760, 767-68 (N.D. Ill. 1986).

In determining whether an unconstitutional bias or conflict of interest exists, the party asserting this type of claim must overcome a "presumption of honesty and integrity in those serving as adjudicators." *Amundsen v. Chicago Park Dist.*, 218 F.3d 712, 716 (7th Cir. 2000). To rebut this presumption, a party must establish a disqualifying bias that "is too high to be constitutionally tolerable." *Id.* This standard requires proof of a direct pecuniary interest in the outcome or personal abuse or criticism. *Id.* In *Amundsen*, the Seventh Circuit held that hearing officers' employment by the park district was insufficient to establish actual bias or a disqualifying interest. *Id.* Similarly, in *Van Harken v. Chicago*, the Seventh Circuit opined that "the mere fact that an administrative or adjudicative body derives a financial benefit from fines or penalties that it imposes is not in general a violation of due process." 103 F.3d 1346, 1353 (7th Cir. 1997). In that case, the Seventh Circuit affirmed the district court's dismissal of plaintiffs' federal constitutional claim because it found that an indirect, tenuous financial stake was not enough to disqualify individuals on constitutional grounds. *Id.* at 1352-53. *See also Hortonville Joint Sch. Dist. v. Hortonville Educ. Ass'n*, 426 U.S. 482, 496-97, 96 S. Ct. 2308, 2316 (1976) (holding that the board's involvement as negotiator for the teachers in an unsuccessful collective bargaining that caused a strike which led to the firing of the teachers did not demonstrate the sort of bias necessary to disqualify the board as decision makers as a matter of federal due process); *Osterberg*, 722 F. Supp. at 418 (holding that plaintiff's complaint failed to state a due process claim because the allegations that defendants were biased were too conclusory and did not reveal actual prejudice); *Jones*, 651 F. Supp. at 767-68 (holding that employment positions "do not of themselves reasonably create an inference of bias").

Plaintiff has not asserted any legal basis or impermissible conflict on which this court could disqualify Mr. Neal from serving as Chairman of the CCBEC. The mere fact that Mr. Neal derives a financial benefit as the owner of a law firm that provides legal services for the City of Chicago does not disqualify Mr. Neal from serving as an election commissioner. *Van Harken*, 103 F.3d at 1353. Mr. Neal's ownership of a law firm is wholly unrelated to the subject matter of his position as Chairman of the CCBEC, and Mr. Neal is not paid according to the outcome of the elections he oversees. Even under the broadest and most liberal reading of the complaint, plaintiff's allegations do not amount to anything more than a "very indirect, very tenuous stake," which as a matter of law, is not enough to disqualify Mr. Neal from serving as Chairman of the CCBEC on constitutional grounds. *Id.* Because plaintiff cannot show that he has a reasonable likelihood of success on the merits, the motion for preliminary injunction must be denied.

During oral argument, plaintiff makes an emotional plea to the court to intervene in the upcoming elections and to remove Mr. Neal as Chairman of the CCBEC in order to protect the public interest in having a

| STATEMENT |
|---|

fair election process. Plaintiff submitted additional documents to the court and defense counsel purporting to show that Mr. Neal and persons relating to him had contributed to candidates in the election he is overseeing. However, after examination of those documents, it is clear that any contributions by Mr. Neal occurred well before he was appointed as Chairman of the CCBEC. Plaintiff has not submitted any additional evidence that convinces the court that it would be appropriate to remove Mr. Neal as Chairman. Plaintiff's allegations are insufficient to overcome the presumption of honesty and integrity by establishing the sort of bias necessary to disqualify Mr. Neal from serving as an election commissioner and Chairman of the CCBEC.

Based on the foregoing reasons, plaintiff's emergency motion for preliminary injunction [13] must be denied. This matter is set for status on May 3, 2007 at 9:00 a.m.

Wayne R. Andersen
United States District Judge

Dated: April 13, 2007