Maurice Perkins, Pro Se'
4836 South Michigan Ave.
Chicago, Illinois 60653

FILED
APR 1 8 2007
APR 18, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAURICE PERKINS, and all other voters it will effect,<br>    Plaintiff,<br>vs.<br>LANGDON NEAL, in his individual & official capacity as the City of Chicago Chairman of the Board of Election Commissioners,<br>    Defendant | Case No.: No. 07-CV-841<br><br>Honorable Wayne R. Andersen<br><br>Magistrate Judge Valdez * |

## MOTION TO DISQUALIFY JUDGE ANDERSEN FOR HIS PERSONAL PREJUDICE AND BIAS AGAINST THIS PLAINTIFF PURSUANT TO 28 U.S.C. §§144, 455

NOW COMES the Plaintiff, MAURICE PERKINS, PRO SE', and moves this Court to issue an order disqualifying Judge Andersen from this matter, pursuant to 28 U.S.C. §§144, 455, and any other applicable statutes and/or rules, due to his personal bias and prejudice against the Plaintiff.

1. The Plaintiff charges Judge Andersen with personal bias and prejudice against the Plaintiff for various reasons, including, but not limited to, denying, depriving, and overlooking the Plaintiff's Due Process Rights; violating the Constitutional Rights of Plaintiff to have his motions heard and ruled upon, which denies the Plaintiff of meaningful access to the courts; manipulating the hearings to deprive, and to deny, the Plaintiff of a meaningful hearing on the merits of his cause; issuing orders, sua sponte,

which did not provide the Plaintiff with any meaningful time to respond to the exhibits of the opposing parties; violating his duty to comply with the Supreme Law of the Land; and violating his duty to apply the Law even if the judge does not agree with the Law.

PLAINTIFF had received by certified mail a NOTICE OF MOTION by Defendant's in the Andersen Court on Thursday, April 12, 2007 at 9:00 a.m. in room 1403 for a Motion to Dismiss my Complaint. When I appeared the Notice of Hearing had been took off the docket calendar for the day. Defendant's Motion had been Granted. The Motion was granted on the erroneous technicality of my complaint exceeded 15 pages in which it only contained 11pages. Judge Andersen had not even reviewed our counted the pages of my Complaint to see if it was so.

This personal prejudice and bias evidenced by Judge Andersen is an extension of the prejudice and bias of the Illinois Federal District Courts and the Seventh Circuit Court of Appeals towards non-represented litigants, as evidenced by caselaw from the time of **Haines v. Kerner**, 404 U.S. 520, 92 S.Ct. 594 (1972), to the present.

2. Judge Andersen violated his Oath to be a Judge, when he did not uphold the U.S. Constitution in this matter. Judge Andersen' actions in denying, depriving, and overlooking the Plaintiff's legal and constitutional rights were prejudicial against the Plaintiff. **28 U.S.C. §453.** Judge Andersen did not faithfully and impartially discharge and perform all the mandated duties incumbent upon him. Judge Andersen acted without jurisdiction. Judge Andersen entertained and addressed the Defendant's Motion To Dismiss without ever reviewing or responding to Plaintiff's Emergency Preliminary Injunction which was filed on March 14, 2007 and Motion To Oppose Defendant's

Motion To Dismiss Complaint on April 12, 2007. When Judge Andersen asked did he miss anyone from the 9:30 call. I told him that I received four certified letters requesting my presence in his Honorable Court Room at that Time. And, that I was suppose to be heard on that day. He asked me did I have a response to Defendant's Motion and totally disregarded that I brought to his attention that he ruled on Defendant's Motion without even counting the pages of My Complaint in which they proclaim I exceeded 15 pages when in reality my Complaint was only 11 pages. Judge Andersen had never even counted the pages to see if it was so; until, I brought it to him before the open-court.

3. Judge Andersen has intentionally and effectively denied the Plaintiff of his constitutional right to effectively "petition the Government for a redress of grievances". **U.S. Constitution, Amendment I**. The Plaintiff had filed an Emergency Motion For Preliminary Injunction on March 14, 2007 with this court, which this court has refused to hear and rule on at a meaningful time. The failure of this judge to promptly hear, in a meaningful manner and at a meaningful time, the Motion of the Plaintiff does not satisfy the constitutional right to a redress of the Plaintiff's grievances. The failure of this court to hear at a meaningful time and in a meaningful manner the Motion of the Plaintiff, deprives the Plaintiff of his legal and constitutional rights; it is prejudicial and biased against the Plaintiff. However, Judge Andersen entertained and addressed the Defendant's Motion To Dismiss without ever reviewing or responding to Plaintiff's Emergency Preliminary Injunction and Motion To Oppose Defendant's Motion To Dismiss Complaint on April 12, 2007. He held a hearing that following day on April 13, 2007, just five days away from the election, and on those grounds ruled that my motion should be denied because it would cause Plaintiff irreparable harm at such short notice.

4. Judge Andersen has effectively denied the Plaintiff of the Plaintiff's rights of the equal protection under the law under **Article VI of the U.S. Constitution**. Judge Andersen has been prejudicial and biased against the Plaintiff, by Judge Andersen refusal to rule pursuant to the Supreme Law of the Land. Judge Andersen has deprived the Plaintiff of the equal protection of the law, by not applying the Supreme Law of the Land to the Plaintiff's position. Judge Andersen allowed only the Defendant's Motion to proceed first while my Emergency Preliminary Injunction laid in limbo for close to 30 days.

5. The United States Supreme Court stated:

"Chief Justice Marshall had long before observed in **Ross v. Himely**, 4 Cranch 241, 269, 2 L.ed. 608, 617, that, upon principle, the operation of every judgment must depend on the power of the court to render that judgment. In **Williamson v. Berry**, 8 How. 495, 540, 12 L.ed. 1170, 1189, it was said to be well settled that the jurisdiction of any court exercising authority over a subject 'may be inquired into in every other court when the proceedings in the former are relied upon and brought before the latter by a party claiming the benefit of such proceedings,' and the rule prevails whether 'the decree or judgment has been given, in a court of admiralty, chancery, ecclesiastical court, or court of common law, or whether the point ruled has arisen under the laws of nations, the practice in chancery, or the municipal laws of states.'" **Old Wayne Mut. L. Assoc. v. McDonough**, 204 U.S. 8, 27 S.Ct. 236 (1907).

By not complying with the law, Judge Andersen has prejudiced this Plaintiff.

6. While this court has limited discretion, it must rule pursuant to law at all times. The Seventh Circuit has stated:

`Chief Justice Marshall stated:

"Courts are the mere instruments of the law, and can will nothing. When they are said to exercise a discretion, it is a mere legal discretion, a discretion to be exercised in discerning the course prescribed by law, and, when that is discerned, it is the **duty** of the court to follow it. Judicial power is never exercised for the purpose of giving effect to the will of the judge; always for the purpose of giving effect to the will of the legislature; or, in other words, to the will of the law." ' **Littleton v. Berbling**, 468 F.2d 389, 412 (7th Cir. 1972), citing **Osborn v. Bank of the United States**, 9 Wheat (22 U.S.) 738, 866, 6 L.Ed 204 (1824); **U.S. v. Simpson**, 927 F.2d 1088 (9th Cir. 1990).

While a judge **may** have **discretion** to make a ruling which may be erroneous, he has a **duty** to rule on all valid issues, especially those issues which deprive a party of his constitutional rights, presented before the court. **Littleton**, supra. Failure to rule on the issues presented to this court denies, deprives, and overlooks this Plaintiff's constitutional rights. Judge Andersen has repeatedly acted in a manner prejudicial and biased against the Plaintiff.

7. Judge Andersen has manipulated the judicial process to deny, deprive, and to overlook the rights of the Plaintiff. Judge Andersen has selected only those motions that he wants to hear, mostly those of the Defendant(s). Judge Andersen has intentionally selected not to reply to the constitutional question of the Plaintiff's Complaint neither has he shown a desire to hear and to grant, while intentionally ignoring, not considering, and

not ruling on the specific constitutional question in the Plaintiff's Complaint that he does not desire to grant oversight. Such manipulation of the judicial process is prejudicial and biased against the Plaintiff. As one example, Judge Andersen asked Plaintiff if he had a response to Defendant's Motion To Dismis Complaint. Plaintiff had already filed a response in which Judge Andersen did not even know of yet he ruled in Defendant favor. Judge Andersen' <u>sua sponte</u> order did not allow the Plaintiff any time to respond to the Defendants' response. Only by the Plaintiff's own action was the Plaintiff able to get any answers concerning his Motion. Still, Judge Andersen did not grant the Plaintiff sufficient and meaningful time for a non-represented litigant to respond. Judge Andersen again manipulated the judicial process to favor the Defendant(s). Judge Andersen actions are prejudicial and biased against the Plaintiff.

Plaintiff had demanded that he be given sufficient time too properly and meaningfully to respond to the Defendant. Such meaningful time was not granted to the Plaintiff.

8. Judge Andersen has the <u>duty</u> to determine the validity of all claims against the Defendant, which have been objected to by the Plaintiff. Judge Andersen has intentionally harmed the Plaintiff by his refusal to hold any hearings on his motion in a timely manner.

The Supreme Law of the Land states that the question of the jurisdiction of a court that issued an order/judgment can be questioned if the order/judgment is brought before this court from another court. **<u>Old Wayne</u>**, <u>supra</u>.

9. Judge Andersen must not be an advocate for either side; yet he has acted as an advocate for the Defendant(s). It has come to fruition that Judge Wayne Andersen knew that his former extern Elizabeth A. Coleman became an associate of Jenner & Block law firm in the litigation practice area on Friday, December 19, 2003, yet he did not honorably recuse himself as Honorable Magistrate Judge Sidney Schenkier did on March 20, 2007 (because he once worked for Jenner & Block). If the first-level decisionmaker has an interest in the outcome, this potential for bias bound to affect the mindset of the reviewing court. *Gallo v. Amoco Corp.*, 102 F.3d 918, 921 (7th Cir. 1996).

Judge Andersen must give advice to a non-represented litigant, otherwise he has deprived and denied the non-represented litigant of his legal and constitutional rights. Judge Andersen must inform the non-represented Plaintiff at every stage of the proceedings of the Plaintiff's rights, whether Federal, State, or Local, in a timely manner and in a manner that the Plaintiff can understand. If the court fails to observe this free and natural person's rights in every respect, if the court denies, deprives, or overlooks any legal or Constitutional right of the Plaintiff, the court invalidates the judicial process. The failure of Judge Andersen to advise the non-represented litigant of all of his rights, as above, further evidences the prejudice and bias of the judge against this Plaintiff. **Darr v. Burford**, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed 761 (1949); **Hoffman v. United States**, 244 F.2d 378 (9th Cir. 1957); **Price v. Johnston**, 334 U.S. 266, 68 S.Ct. 1049, 62 L.Ed. 1356 (1947); **Holiday v. Johnston**, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392 (1940); **Traguth v. Zuck**, 710 F.2d 90 (2nd Cir. 1983); **United States v. Hough**, 157 F.Supp. 771 (S.D.Cal. 1957); **Timms v. Frank**, 953 F.2d 281 (7th Cir. 1992); **United States v. One Colt Python .357 Cal. Revolver**, 845 F.2d 287 (11th Cir. 1988); **Canty v.**, 383

F.Supp. 1396 (E.D. VA, 1974); <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274 (4th Cir. 1985); <u>Burgs v. Sissel</u>, 745 F.2d 526 (8th Cir. 1984); <u>Burris v. State Department of Public Welfare of S.C.</u>, 491 F.2d 762 (4th Cir. 1974).

10. Judge Andersen must comply with the Federal Code of Judicial Conduct. Judge Andersen must comply with, among others, Canon 3; he does not have discretion to pick and choose which Canon or Canons he will, or will not, comply with. <u>Littleton, supra</u>. By Judge Andersen failure to comply with the mandatory requirement of reporting the misconduct of an attorney, <u>U.S. v. Anderson</u>, 798 F.2d 919 (7th Cir. 1986), Judge Andersen has acted prejudicially and biased against the Plaintiff.

11. The hearing scheduled and manipulated by Judge Andersen for May 03, 2007 will be another "sham" hearing. If the purported Defendant have been given what could be considered a *Stare decisis* in which the Judge in the current case is treating decisions in past similar cases as authoritative precedents, and refuses to make the decision in a way that departs from such precedents, regarding all of them as correctly decided. There is a place for giving weight to precedents, especially in civil cases and matters of equity, and to clarify ambiguities in the black letter law, but it is an abuse of judicial discretion to treat precedents as though they are law, equal or superior to black letter law, especially when that black letter law is a written constitution. It is an abuse of judicial discretion to fail to exhaust textual analysis and legislative history before considering precedent, making sure that the chain of precedents has not wandered away from the bounds of the black letter law. Judge Andersen took all that Defendant stated in its Motion as true without carefully analyzing it to the black letter law of the written

constitution before rendering a decision. Only after procrastinating on Plaintiff's Motion giving the Defense an unequal and unfair advantage in not allowing essential discovery for Plaintiff, has prejudiced the case already.

If the Plaintiff cannot get an impartial hearing before Judge Andersen, then the Plaintiff will be required to have his meaningful hearings before the District Court's Magistrate Judge, the Seventh Circuit Court of Appeals, or even the U.S. Supreme Court. The Plaintiff does not believe that the U.S. Supreme Court will rule that Judge Andersen authority and rule-making exceeds that of the Supreme Court. Depriving Plaintiff and the general voting populace the right to contest the conduct as a conflict between the private interests and the official responsibilities of a person in a position of trust is arbitrary and capricious and shall be held at that heightened standard of review. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 957, 103 L.Ed. 2d 80 (1989)

12. The Plaintiff states that it is unquestionable that a reasonable person would consider that Judge Andersen' actions were prejudicial and biased against the Plaintiff.

13. Though this court has set extensions of time and set dates for hearings, this court has not ruled in any substantive matters, and Plaintiff is entitled to disqualification of judge, pursuant to 28 U.S.C. §144.

14. Should this court decide not to grant the requested disqualification as a matter of right under 28 U.S.C. §144, Plaintiff believes that Judge Andersen has exhibited sufficient prejudice against the Plaintiff that disqualification of Judge Andersen, pursuant to 28 U.S.C. §455, is appropriate.

15. Because Judge Andersen denied Plaintiff's Motion for Preliminary Injunction once again, Defendant on Tuesday, April 17, 2007 with 23% of the votes left to be counted for the final results in the elections for Chicago Aldermanic races. Two lines used for transmission for receiving votes has failed, the backup system has failed, and ballots had to be hand carried in and counted by Defendant's office. The lack of trust issue still prevails. *Storer v. Brown*, 415 U.S. 724, 737 n.8, 94 S. Ct. 1274, 39 L. Ed. 2d 714 (1974) ("The ... election is long over ... but this case is not moot, since the issues properly presented, and their effects on independent candidacies, will persist as the ... statutes are applied in future elections. This is, therefore, a case where the controversy is capable of repetition, yet evading review.")(internal quotation marks and citations omitted). Once again, the issue of influence, financial gain, conflict-of-interest and betrayal of voters trust is at stake. The voters are at a lost again in having their individual votes counted without ballot spoiliation and tampering even under the eyes of this Court.

WHEREFORE, this Plaintiff demands that an order be issued that Judge Andersen be disqualified for, *inter alia*, his failure to perform his Constitutional duties in this cause, and for his prejudicial and biased actions against this Plaintiff.

Respectfully submitted,

*Maurice Perkins*

Maurice Perkins,
PRO SE'

Signed with explicit reservation of all Rights,
and I waive none of my Rights at any time or for any reason,
as per U.C.C. §1-207 and 810 ILCS §5/1-207.
Without Prejudice" U.C.C. §1-207.

Maurice Perkins
4836 S. Michigan Ave.
Chicago, IL 60653
773 - 548 - 1238

## **VERIFICATION IN LIEU OF AFFIDAVIT**

I declare, that to the best of my information and belief, that Judge Andersen is prejudiced against me, and that this belief is asserted in good faith.

*Maurice Perkins*
Maurice Perkins,
PRO SE'

Signed with explicit reservation of all Rights,
and I waive none of my Rights at any time or for any reason,
as per U.C.C. §1-207 and 810 ILCS §5/1-207.

"Without Prejudice" U.C.C. §1-207.

Maurice Perkins
4836 S. Michigan Ave.
Chicago, IL 60653
773 -548 - 1238