# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE PERKINS, and all other voters it will effect, | ) ) ) | |
| | ) | Case No. 1:07-cv-841 |
| Plaintiff, | ) ) | |
| | ) | Honorable Wayne R. Andersen |
| v. | ) ) | |
| | ) | Magistrate Judge MariaValdez |
| LANGDON NEAL, in his individual & official capacity as the City of Chicago Chairman of the Board of Election Commissioners, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

## LANGDON NEAL'S RESPONSE
## TO PLAINTIFF'S MOTION TO DISQUALIFY JUDGE

Langdon Neal, by his counsel, respectfully files this response to Plaintiff's Motion to Disqualify Judge Andersen for His Personal Prejudice and Bias Against this Plaintiff Pursuant to 28 U.S.C. §§ 144, 455. Plaintiff's motion should be denied. In Plaintiff's motion, Plaintiff requests that Judge Andersen be disqualified pursuant to 28 U.S.C. § 144 or alternatively that Judge Andersen recuse himself pursuant to 28 U.S.C. § 455. Neither statute provides any possible basis for disqualification or recusal. In part I of this Response, we set forth the statutory provisions. In part II, we demonstrate why the motion should be denied.

## I.    The Statutory Provisions

Section 144 provides that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists," "shall be

filed not less than ten days before the beginning of the term at which the proceeding is to be heard," and "shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

Section 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding…[w]here he has a personal bias or prejudice concerning a party."

## II.  <u>The Motion Should Be Denied</u>

According to Plaintiff, Judge Andersen's prior adverse rulings and his conduct toward Plaintiff and Mr. Neal's counsel reflect prejudice and bias on the part of Judge Andersen. (Plaintiff's Motion at ¶¶ 2-4, 7-9, 11.)  Plaintiff's accusations of prejudice and bias are unfounded and insufficient.

<u>First</u>, Plaintiff's assertions of bias based on prior rulings and conduct during the proceedings are insufficient to support a motion for disqualification or recusal.  (Plaintiff's Motion at ¶¶ 2-4, 7-8, 11.)  See <u>Hoffman v. Caterpillar, Inc.</u>, 368 F.3d 709, 717-19 (7th Cir. 2004) (affirming district court's denial of motion to disqualify because plaintiff's motion was not legally sufficient to demonstrate actual bias or prejudice); <u>Grove Fresh Distribs., Inc., v. John Labatt, Ltd.</u>, 299 F.3d 635, 639-40 (7th Cir. 2002) (determining that petitioner failed to establish any basis for recusal because petitioner focused on the judge's adverse rulings against him); <u>O'Regan v. Arbitration Forums, Inc.</u>, 246 F.3d 975, 987-89 (7th Cir. 2001) (holding that plaintiff failed to establish bias or prejudice under §§ 144 or 455); <u>Tucker v. Kerner</u>, 186 F.2d 79, 83-85 (7th Cir. 1950) (finding that the affidavit for disqualification was insufficient because adverse judicial rulings are not a ground for disqualification).

Plaintiff argues that Judge Andersen wrongfully granted Mr. Neal's motion to dismiss on the grounds that Plaintiff's complaint exceeded 15 pages.  With all due respect to Plaintiff, this

argument is factually wrong. Judge Andersen has not yet ruled on Mr. Neal's motion to dismiss. Plaintiff further asserts that Judge Anderson refused to hear Plaintiff's Emergency Motion for Preliminary Injunction in a timely and meaningful manner. Again, with all due respect, this argument is not accurate. Plaintiff filed his preliminary injunction motion on March 14, 2007. Plaintiff, however, failed to notice the motion and did not appear in Court on March 15, 2007 when counsel for Mr. Neal were present and advised the Court of the motion for preliminary injunction. After Plaintiff appeared before Judge Andersen on April 12, 2007, Judge Andersen set a hearing on April 13, 2007 to listen to oral argument and to issue a ruling on Plaintiff's motion for preliminary injunctive relief.

Second, also insufficient is Plaintiff's contention that Judge Andersen has "acted as an advocate for the Defendant(s)." (Plaintiff's Motion at ¶ 9.) Plaintiff alleges that Judge Andersen is biased in favor of Mr. Neal's counsel because Elizabeth Coleman, a Jenner & Block attorney, completed an externship with Judge Andersen four years ago.[1] (Plaintiff's Motion at ¶ 9.) Plaintiff contends that Judge Andersen was required to recuse himself because Judge Andersen "knew that his former extern Elizabeth A. Coleman became an associate of Jenner & Block law firm in the litigation practice area." Mr. Neal is represented by two Jenner & Block attorneys but Elizabeth Coleman is not involved in any way with this matter. Plaintiff's assertions do not constitute a basis for disqualification or recusal set forth in 28 U.S.C. §§ 144 and 455. See U.S. v. Kehlbeck, 766 F. Supp. 707, 711-13 (S.D. Ind. 1990) (recognizing that judges often have extra-judicial contacts with parties, witnesses, counsel, and former law clerks and that these relationships have not been enough to overcome the strong presumption of impartiality); In re Martinez-Catala, 129 F.3d 213, 221 (1st Cir. 1997) (recognizing that it "is common knowledge

_____

[1] Mr. Neal's counsel has confirmed that Elizabeth Coleman was an extern for Judge Andersen eleven years ago.

in the profession that former law clerks practice regularly before judges for whom they once clerked"); Smith v. Pepsico, Inc., 434 F. Supp. 524, 525-26 (S.D. Fla. 1977) (holding that recusal was not required where plaintiff's attorney was a law clerk for the court more than two years ago); Simonson v. Gen. Motors Corp., 425 F. Supp. 574, 577-79 (E.D. Pa. 1976) (holding that law student working as judicial intern and also employed as legal intern by defendant's law firm was not grounds for disqualification of the judge). If Judge Andersen were required to disqualify himself because one of his former externs or law clerks worked at Jenner & Block, it is likely that no Judge in this District could hear this case because Jenner & Block employs individuals who have worked for most -- if not all -- of the Judges of this Court. And, if Plaintiff's position were the law (which it is not), Judge Andersen and his colleagues on the bench would likely have to disqualify themselves from the great majority of their cases because most large law firms in Chicago (and many small ones) employ former federal judicial clerks and externs.

Plaintiff's motion fails to provide any legal grounds for disqualification. Plaintiff's motion should be denied.

Respectfully submitted,

LANGDON NEAL

Dated:  April 27, 2007                    By:  s/Jeffrey Colman_____
                                                  One of his Attorneys

Jeffrey D. Colman
Melissa S. Wills
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, Illinois  60611
Telephone: (312) 222-9350
Facsimile: (312) 527-0484