UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAURICE PERKINS, and all other voters it will effect, ) ) ) | |
| ) | Case No. 1:07-cv-841 |
| Plaintiff, ) ) | |
| ) | Honorable Wayne R. Andersen |
| v. ) ) | |
| ) | Magistrate Judge Maria Valdez |
| LANGDON NEAL, in his individual & official capacity as the City of Chicago Chairman of the Board of Election Commissioners, ) ) ) ) | |
| Defendant. | |

**LANGDON NEAL'S MOTION FOR A PROTECTIVE ORDER TO STAY DISCOVERY
AND TO STAY THE REFERRAL TO THE MAGISTRATE JUDGE
<u>PENDING RESOLUTION OF MOTION TO DISMISS</u>**

Langdon Neal, by his counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 26(c), for the entry of an order to stay discovery and to stay the referral to the magistrate judge pending resolution of Mr. Neal's motion to dismiss. A protective order is an appropriate and justified exercise of this Court's discretion because Mr. Neal has filed a case dispositive motion demonstrating that plaintiff lacks standing and that, as a consequence, this Court does not have subject matter jurisdiction over this case. There are no possible factual disputes relevant to the motion to dismiss. In support of this motion, Mr. Neal states:

1.  On February 13, 2007, Plaintiff Maurice Perkins filed a four count complaint against Mr. Neal alleging violation of procedural due process, equal protection, the Voting Rights Act, and mail fraud. In his complaint, Plaintiff challenges Mr. Neal's service as an election commissioner while owning the law firm of Neal & Leroy, LLC, which performs legal work (unrelated to election law issues) for the City of Chicago. (Compl. ¶¶ 15, 28, 33.) Plaintiff

does not allege that he is a candidate for office or has ever been a candidate for office. Nor does Plaintiff allege that he has ever been denied the right to vote, to participate in the political process, and to elect representatives of his choice. Indeed, at no point in the complaint does Plaintiff allege any facts showing that Mr. Neal has ever taken any action that relates to Plaintiff's fundamental rights.

2. On April 6, 2007, Mr. Neal filed a motion to dismiss Plaintiff's complaint on the grounds that (i) Plaintiff lacks standing under the case and controversy provision of Article III; and (ii) even if (contrary to fact and for purposes of argument only), Plaintiff has standing, the complaint fails to state a claim upon which relief may be granted.

3. On April 13, 2007, Your Honor denied Plaintiff's preliminary injunction motion. That same day at a hearing before Your Honor, Mr. Neal's counsel asked the Court to stay the referral to Magistrate Judge Valdez for discovery supervision in light of the pending dispositive motion to dismiss. Mr. Neal's counsel interpreted the Court's response -- "Well, yes" (See Exhibit A, Transcript of Proceedings at 18) -- as indicating Your Honor's agreement that the referral to Judge Valdez be stayed. The docket entry, however, did not reflect a ruling on counsel's request. Therefore, Mr. Neal's counsel appeared before Judge Valdez for an initial status hearing on April 18, 2007. At this hearing, Judge Valdez ordered that Plaintiff and Mr. Neal's counsel meet and confer on a proposed scheduling order and continued the hearing until May 31, 2007.

4. This Court has discretion to limit discovery and to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). This discretion should be exercised "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. In the context of

this case, the Court should stay all discovery and stay the referral to Magistrate Judge Valdez pending resolution of Mr. Neal's motion to dismiss. In the pending motion to dismiss, Mr. Neal sets forth a number of independent, meritorious grounds for the entry of an order dismissing with prejudice each claim in the complaint. As demonstrated more fully in Mr. Neal's memorandum of law in support of motion to dismiss, Plaintiff lacks constitutional standing and this Court thus lacks subject matter jurisdiction over this matter. (Memorandum at 4-11.)

5. A federal court generally must first address threshold jurisdictional questions before addressing the merits of a case. Sinochem Int'l Co., v. Malay. Int'l Shipping Corp., 127 S.Ct. 1184, 1191-92 (2007); Steel Co v. Citizens for a Better Env't, 523 U.S. 83, 93-102, 118 S.Ct. 1003, 1112 (1998) ("The requirement that jurisdiction be established as a threshold matter…is 'inflexible and without exception'"); Cook v. Winfrey, 141 F.3d 322, 325 (7th Cir. 1998) ("a federal court must assure itself that it possesses jurisdiction over the subject matter of an action before it can proceed to take any action respecting the merits of the action"); Crawford v. U.S., 796 F.2d 924, 928-29 (7th Cir. 1986) ("once the district judge has reason to believe that there is a serious jurisdictional issue, he is obliged to resolve it before proceeding to the merits"). Adherence to this rule prevents a federal court from hypothesizing subject matter jurisdiction. Ruhrgas v. Marathon Oil Co., 526 U.S. 574, 577, 119 S. Ct. 1563, 1566-67 (1999). Where subject matter jurisdiction does not involve an arduous inquiry, the court should determine subject matter jurisdiction "at the outset of a case" because it is "often the most efficient way of going." Ruhrgas, 526 U.S. at 587, 119 S. Ct. at 1572; See also Sinochem, 127 S. Ct. at 1194 (recognizing that if a court can readily determine that it lacks subject matter jurisdiction over the

case, judicial economy requires that the federal court dispose of that issue and dismiss the case on that ground).[1]

6.  Here, Mr. Neal's pending motion to dismiss demonstrates beyond any doubt that Plaintiff lacks standing. Granting Mr. Neal's motion to dismiss will entirely dispose of Plaintiff's claims. In addition, discovery will not assist the Court in resolving the pending motion because the motion is based entirely on Plaintiff's allegations in the complaint.

7.  Pursuant to Local Rule 37.2, on April 27, 2007 at 8:45 a.m., Melissa Wills, one of Mr. Neal's attorneys, contacted Plaintiff Maurice Perkins by telephone in a good faith attempt to resolve discovery differences. Ms. Wills asked Plaintiff to agree to stay discovery and to stay the referral to Judge Valdez until the motion to dismiss is resolved; Plaintiff declined.

WHEREFORE, Langdon Neal respectfully requests that the Court enter an order staying all discovery and staying the referral to the magistrate judge until this Court resolves Mr. Neal's Motion to Dismiss Plaintiff's Complaint.

---

[1] In addition, this Court has "extremely broad discretion" in all matters relating to discovery to serve the interests of judicial economy, efficiency, and fairness. Leffler v. Jolliff, 60 F.3d 369, 374-75 (7th Cir. 1995). Where a party raises a potentially dispositive threshold issue that is unaffected by a lack of discovery, courts routinely exercise their power to limit discovery proceedings at the outset. Leffler, 60 F.3d at 374-75 (district court did not abuse its discretion in entering protective order that precluded discovery); Sprague v. Brook, 149 F.R.D. 575, 577-78 (N.D. Ill. 1993) (discovery stayed pending resolution of jurisdictional questions raised in defendant's pending motion to dismiss). Courts also have stayed general pre-trial discovery pending resolution of a defendant's motion to dismiss where "[t]he sole result of such discovery…would be cost and inconvenience, which would impose an undue burden on the time and resources of the [defendant] and its agents." Sprague, 149 F.R.D. at 578.

Respectfully submitted,

LANGDON NEAL

Dated: April 27, 2007          By: s/Jeffrey Colman
                                    One of his Attorneys

Jeffrey D. Colman
Melissa S. Wills
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, Illinois 60611
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

## **EXHIBIT A**