# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 841 | **DATE** | |
| **CASE TITLE** | Maurice Perkins vs. Langdon Neal | | |

**DOCKET ENTRY TEXT**

Plaintiff Maurice Perkins' motion to disqualify [28] is denied, and defendant Langdon Neal's motion for a protective order to stay discovery and to stay the referral to Magistrate Judge Valdez [30] is granted. Defendant's motion to dismiss [17] is taken under advisement.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

The motions currently pending before the court are plaintiff Maurice Perkins' motion to disqualify [28] and defendant Langdon Neal's motion to dismiss [17] and motion for a protective order to stay discovery and to stay the referral to Magistrate Judge Valdez [30]. The court will address each motion in turn.

With regard to plaintiff's motion to disqualify, plaintiff requests that Judge Andersen be disqualified pursuant to 28 U.S.C. § 144 or alternatively that Judge Andersen recuse himself pursuant to 28 U.S.C. § 455. Neither statute provides any legal basis for disqualification or recusal, and the motion is denied. Plaintiff asserts that this court's prior rulings and Judge Andersen's conduct toward plaintiff reflect prejudice and bias. However, plaintiff is mistaken in his belief that this court dismissed his complaint. There is nothing in the court's docket to indicate that this matter ever was dismissed or that this court has taken issue with anything plaintiff has filed to date. To the contrary, this court considered, in an expedited manner, plaintiff's emergency motion for a preliminary injunction. Although the court denied that motion, it did not dismiss plaintiff's complaint at that time. Rather, the court set a briefing schedule giving plaintiff until May 11, 2007 to file a response to defendant's motion to dismiss and defendant until May 25, 2007 to file a reply. Although it is unclear whether plaintiff intends to file a written response to the motion to dismiss or will stand on his complaint as he stated in court on April 12, 2007, the court will not rule on the motion to dismiss until it is satisfied that each party has had ample opportunity to respond.

In addition, plaintiff alleges that this court is biased in favor of defendant's counsel because a former extern of Judge Andersen, Elizabeth Coleman, is an attorney with Jenner & Block – the law firm representing defendant. Defendant is represented by two Jenner & Block attorneys in this case, but Ms. Coleman is not involved in this matter. Before plaintiff raised this issue, the court was not aware that Ms. Coleman was an attorney at Jenner & Block. The fact that Ms. Coleman worked as a judicial extern over ten years ago in this chambers is not a basis for disqualification or recusal as set forth in 28 U.S.C. §§ 144 and 455. For all of

| STATEMENT |
|---|

these reasons, the motion to disqualify is denied.

With regard to defendant's motion to dismiss and motion for a protective order to stay discovery and to stay the referral to Magistrate Judge Valdez, the court grants the motion for a protective order and will stay discovery and the referral to Judge Valdez pending resolution of the motion to dismiss. In the motion to dismiss, defendant argues that plaintiff lacks standing, and as a consequence, this court lacks subject matter jurisdiction. Discovery will not assist the court in resolving the pending motion, and it is reasonable to stay discovery at this time until the court rules on the pending motion to dismiss. The court has received and reviewed plaintiff's opposition to defendant's motion for a protective order to stay discovery and to stay the referral to Magistrate Judge Valdez. In that brief, plaintiff raises the issue of preservation of evidence and requests that this court issue a preservation order. Although this motion was not noticed for a specific court date, this matter can be addressed further at the status scheduled for May 17, 2007.

Finally, with regard to defendant's motion to dismiss, plaintiff's response is due May 11, 2007, and defendant has until May 25, 2007 to file a reply. If plaintiff has not filed any written response as of May 17, 2007, the court will confirm with plaintiff at the May 17 status that he does not intend to file anything in response to the motion to dismiss. If, however, plaintiff does indicate he would like to file written response, the court will give him a short date to do so with a new reply date for defendant. Once the briefing is complete on the motion to dismiss, the court will address it in an expedited manner and issue a ruling.

For all of these reasons, plaintiff Maurice Perkins' motion to disqualify [28] is denied, and defendant Langdon Neal's motion for a protective order to stay discovery and to stay the referral to Magistrate Judge Valdez [30] is granted. Defendant's motion to dismiss [17] is taken under advisement, and the court will rule when the matter is fully briefed.